a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GERARDO GARCIA #97951-020,<br>Plaintiff | CIVIL DOCKET NO. 1:21-CV-01325<br>SEC P |
| VERSUS | JUDGE DAVID C. JOSEPH |
| S MERENDINO,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION
===

Before the Court is a Petition for Writ of Habeas Corpus filed by *pro se* Petitioner Gerardo Garcia ("Garcia"). ECF No. 1. Garcia is a prisoner in the custody of the Federal Bureau of Prisons ("BOP"), incarcerated at the Federal Correctional Institution in Pollock, Louisiana. Garcia challenges the computation of his sentence by the BOP.

Because Garcia has received all the credit to which he is entitled, his Petition (ECF No. 1) should be DENIED and DISMISSED.

I. Background

On June 22, 2010, Garcia was sentenced to a state term of imprisonment. ECF No. 1-3 at 4. On May 26, 2015, he was temporarily transferred to federal custody through a writ of habeas corpus as prosequendum filed in the United States District Court for the Middle District of Georgia. *Id.; United States v. Garcia*, 1:15-CR-0020 (M.D. Ga.), ECF No. 6. Before that court, Garcia pleaded guilty to conspiracy to possess with intent to distribute methamphetamine. Garcia was sentenced to 127

1

months of imprisonment, to be served concurrently with the state sentence. *Id.* at ECF No. 43. Garcia was then returned to state custody. *Id.*

Garcia alleges that his federal sentence commenced on the date of the offense, July 1, 2014. ECF No. 1-2. Garcia filed an administrative grievance (Case No. 1006539), which was denied by the Warden. He appealed at the regional level. ECF No. 1-3 at 2-4. His request was denied on June 4, 2020 because a sentence cannot commence prior to the date of imposition. ECF No. 1-3 at 4.

Garcia filed a new request for administrative remedy (Case No. 1049634) on September 15, 2020, seeking additional federal sentencing credit. ECF No. 1-3 at 5. The request was denied on October 15, 2020. ECF No. 1-3 at 8.

Garcia was ordered to amend his Petition to state whether he had obtained further review of his claim and properly exhausted administrative remedies. ECF No. 6. In response, Garcia claims that he requested a BP-11 from staff members on multiple occasions, but his request was denied. ECF No. 7 at 2. Thus, he claims he was unable to fully exhaust. In support, Garcia provides copies of two requests for BP-11 forms that he made on July 17, 2021. ECF No. 7-1 at 2.

II. <u>Law and Analysis</u>

    A. <u>Garcia did not fully exhaust administrative remedies.</u>

A petitioner seeking relief under § 2241 "must first exhaust his administrative remedies through the Bureau of Prisons." *Rourke v. Thompson*, 11 F.3d 47, 49 (5th Cir. 1993) (citing *United States v. Gabor*, 905 F.2d 76, 78 n. 2 (5th Cir. 1990)); *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992) (holding that exhaustion of

administrative remedies is a prerequisite to § 2241 relief). After filing an informal resolution attempt (BP-8), a prisoner may file a formal complaint to the warden (BP-9). *See* 28 C.F.R. §§ 542.13-542.14. If an inmate is not satisfied with the Warden's response, the inmate may appeal the response to the Regional Director (BP-10). *See* 28 C.F.R. § 542.15(a). If an inmate is dissatisfied with the regional response, the inmate may file an appeal with the Office of General Counsel in Washington, D.C. (BP-11). *Id.* Appeal to the Office of General Counsel is the final administrative appeal in the BOP remedy process. *Id.* Only after exhausting these available administrative remedies may an inmate seek relief through a § 2241 petition. *See Gabor*, 905 F.2d at 78 n. 2.

"Although prisoners generally must exhaust their administrative remedies prior to filing a § 2241 action, exhaustion of such remedies is not a jurisdictional requirement." *Mihailovich v. Berkebile*, No. 3:06-CV-1603, 2007 WL 942091, at *6 (N.D. Tex. March 28, 2007). Non-jurisdictional exhaustion requirements "may be subject to certain defenses such as waiver, estoppel or equitable tolling." *Wright v. Hollingsworth*, 260 F.3d 357, 358 n. 2 (5th Cir. 2001). Furthermore, when "the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action," petitioners need not exhaust administrative remedies. *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994) (per curiam) (citation omitted). Such exceptions to the exhaustion requirement "apply only in 'extraordinary

3

circumstances,' and [petitioner] bears the burden of demonstrating the futility of administrative review." *Id.* (citations omitted).

Garcia appealed his first administrative grievance (Case No. 1006539) to the regional level. ECF No. 1-3 at 2. That appeal was denied on June 4, 2020. ECF No. 1-3 at 4. To fully exhaust, Garcia should have filed a BP-11 to the Office of General Counsel within 30 days.

The second administrative remedy (Case No. 1049634) was filed with the Warden on September 15, 2020. ECF No. 1-3 at 7. The denial was issued October 15, 2020. ECF No. 1-3 at 8. To obtain further review, Garcia should have filed a BP-10 to the Regional Director within 20 days.

Although Garcia claims that he was denied a BP-11, he fails to provide any support for this contention. His requests for a BP-11 form were made on July 17, 2021, over one year past the deadline for filing. Additionally, Garcia does not allege or indicate that he attempted to submit an appeal on another form or document.

Nor did Garcia seek additional time or express to the Office of General Counsel that he was having difficulty obtaining a form. The BOP's administrative remedy process expressly allows an inmate to request an extension of the filing time if the inmate demonstrates a valid reason for delay. *See* 28 C.F.R. §§ 542.14(b), 542.15(a); *Cruz v. Fox*, 2015 WL 858661, at *4 (C.D. Cal. 2015) (declining to excuse failure to exhaust where prison officials allegedly refused to provide petitioner with a BP-10 form).

Neither of Garcia's grievances was appealed to the Office of General Counsel, so neither grievance is exhausted. And Garcia has not met his burden of showing that administrative review would be futile. *Overshown v. Upton*, 466 F. App'x 361, 361 (5th Cir. 2012) (per curiam) (quoting *Fuller*, 11 F.3d at 62); *Pritchett v. Upton*, 2016 WL 7971334, at *2 (N.D. Tex. 2016).

### B. Even if Garcia had exhausted, his Petition is meritless.

The authority to grant or deny credit for time served is specifically reserved to the United States Attorney General, who has delegated that responsibility to the BOP. *See U.S. v. Wilson*, 503 U.S. 329 (1992). The district court may review a challenge to the BOP's refusal to grant credit or make such a designation in a § 2241 petition. *See Pierce v. Holder*, 614 F.3d 158, 160 (5th Cir. 2010).

The calculation of a term of imprisonment is governed by 18 U.S.C. § 3585 which provides the following:

> (a) Commencement of sentence. - A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit for prior custody. - A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
>> (1) as a result of the offense for which the sentence was imposed;
>>
>> or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>> that has not been credited against another sentence.

5

Garcia claims that his sentence commenced on the date of the offense—July 1, 2014—because "federal authorities came and picked up Petitioner, and took him to Sumpter County Jail in Georgia, to face a federal indictment." ECF NO. 1 at 10. Thus, Garcia concludes he was "received in custody by federal authorities on July 1, 2014."

The sovereign that first arrests an offender has primary jurisdiction over the offender unless relinquished to another sovereign by, for example, bail, release, dismissal of state charges, parole release, or expiration of state sentences. *United States v. Cole*, 416 F.3d 894, 897 (5th Cir. 2005); *Taylor v. Reno*, 164 F.3d 440, 444-45 (9th Cir. 1998); *Floyd v. Berkebile*, 2008 WL 153494, at *2 (N.D. Tex. Jan. 15, 2008); *Wilson v. Morris*, 2006 WL 573021, at *3 (E.D. Tex. Mar. 7, 2007). Primary jurisdiction is not relinquished when an inmate is borrowed from the custody of the state through a writ of habeas corpus ad prosequendum. *Id.*

Garcia was in primary state custody since at least June 10, 2020. His temporary transfer pursuant to the writ of habeas corpus ad prosequendum did not alter his primary custodian.

In any event, the earliest date a federal sentence can commence is the date on which it is imposed. *United States v. Flores*, 616 F.2d 840, 841 (5th Cir. 1980); Program Statement 5880.28. This is true even if a sentence is to run concurrent with a previously imposed term. *Id.* (sentence could not be concurrent prior to the date it is pronounced, even if made concurrent with a sentence already being served). The

BOP determined that Garcia's sentence commenced on the date of imposition (November 22, 2016), which is the earliest date possible.

A prisoner shall only be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences if that time has not been credited against another sentence. *See* 18 U.S.C. § 3585(b). Garcia fails to allege or demonstrate he did not receive credit for time spent in state custody toward the completion of his state sentence. Because the time Garcia spent in state custody prior to the imposition of his federal sentence was credited toward the state sentence, he cannot also receive federal credit for that time. *See* 18 U.S.C. § 3585(b); *Oliver v. Warden, FCI Beaumont*, 2021 WL 1381559, at *2 (E.D. Tex. 2021).

### III. Conclusion

Because Garcia has received all the federal credit to which he is entitled, IT IS RECOMMENDED that his § 2241 Petition be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, September 9, 2021.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE